**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**SAMUEL MOSHE ECKSTEIN,**

      **Plaintiff,**

**v.**                              **Case No. 2:14-cv-14273**

**THE STATE OF WEST VIRGINIA,**

      **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are the plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 1) and a Complaint (ECF No. 2) seeking injunctive relief in the form of a court order compelling "county clerks in West Virginia to issue same-sex couples a marriage license." This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

The plaintiff's Complaint, which was filed on April 8, 2014, alleges that the County Clerk of Wood County was refusing to issue a marriage license to a same-sex couple, in violation of the First and Fourteenth Amendments. (ECF No. 2 at 1-2). However, the Complaint provides no specific factual allegations asserting that the plaintiff, himself, had sought and been denied a marriage license. The Complaint specifically states:

> I am not specifically accusing any state or county official of using religion as
> a compass in denying me or anyone else a marriage license on the basis of

> sexual orientation but, I am merely suggesting that a public official holding these beliefs [sic] may in and of itself deprive me and others the right to personal choice. Nonetheless, I believe that my rights have been violated just by the mere act of refusal as the right to marriage is protected by due process. I am asking this court to compel county clerks in West Virginia to issue same-sex couples a marriage license. I do not demand a trial by jury.

(*Id.* at 2).

The undersigned previously noted that, as a *pro se* litigant, the plaintiff may not represent a class of individuals. *See Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1975). Thus, he may prosecute this matter, if at all, only on his own behalf, and he must demonstrate that there is an existing case or controversy for which he has standing to bring suit.

Additionally, the plaintiff's Complaint was filed prior to the United States Court of Appeals for the Fourth Circuit's decision in *Bostic v. Schaefer*, 760 F.3d 352 c*ert. denied*, 135 S. Ct. 308 (2014), and the United States Supreme Court's decision in *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015), which held that, under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, same-sex couples may not be deprived of the fundamental right and liberty to marry.[1] The undersigned is uncertain of whether, in light of this precedent, the plaintiff has since sought and been granted a marriage

---

[1] In the interim period between the Fourth Circuit's issuance of *Bostic* and the Supreme Court's decision in *Obergefell*, the Honorable Robert C. Chambers, Chief Judge of the United States District Court for the Southern District of West Virginia, granted summary judgment for the plaintiffs in the matter of *McGee v. Cole*, 66 F. Supp.3d 747 (S.D. W. Va. 2014). In *McGee*, the Court found, based on *Bostic*, that West Virginia's statutory ban on same-sex marriage was unconstitutional. Chief Judge Chambers noted that, "in light of the ruling from the U.S. Circuit Court of Appeals for the Fourth Circuit in *Bostic v. Schaefer*, 760 F.3d 352 (4th Cir.2014), the State has discontinued its enforcement and defense of the marriage ban. ECF No. 134; *see also* Erin Beck, *W. Va. Ends Ban on Gay Marriage: Governor, A.G. Direct Their Staff to Follow Ruling of Appeals Court,* Charleston Gazette (WV), Oct. 10, 2014, *available at* Westlaw, 2014 WLNR 28289127. Therefore, even if this Court's ruling only applies to the defendant clerks, it will not disrupt uniformity among the counties because the governor of West Virginia has already instructed all county clerks to issue marriage licenses to same-sex couples." *Id.* at 755.

license, as he has not communicated with the court in any way and no activity has occurred in this matter since the filing of the Complaint.[2]

On April 6, 2017, the undersigned entered an Order directing the plaintiff to advise the court in writing, by April 26, 2017, of his attempts to obtain a marriage license in Wood County, West Virginia, and whether he still intended to pursue this action for injunctive relief. The plaintiff was notified that the failure to so respond would result in a recommendation to the presiding District Judge for the dismissal of this matter for failure to prosecute. (ECF No. 4). The plaintiff did not respond in any way to the undersigned's Order.

## **ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the

---

[2] The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006); *see also Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." A case becomes moot when the issues are no longer live or the parties lack a cognizable interest in the outcome. *Powell v. McCormack*, 3965 U.S. 486, 496 (1969); *see also North Carolina v. Rice*, 404 U.S. 244, 246 (1971)); *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011). If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the court lacks the constitutional authority to adjudicate the issue and the case must be dismissed as moot. *Blanciak v. Allegheny Ludlum Co.*, 77 F.3d 690, 699 (3d Cir. 1996); *see also Garcia v. Lawn*, 805 F.2d 1400, 1402 (9th Cir. 1986) (stating that "the test for mootness . . . is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor."). Thus, if the plaintiff has been granted a marriage license, this matter is likely moot.

plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

As the plaintiff has failed to comply with the undersigned's Order, despite the express warning that failure to comply will result in a recommendation of dismissal, it appears that he no longer wishes to pursue this matter. Thus, dismissal appears to be the only appropriate result. However, because the defendant was never served with process, a dismissal without prejudice may be less drastic. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to prosecute this civil action. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter, without prejudice, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made,

and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

May 8, 2017

Dwane L. Tinsley
United States Magistrate Judge